**UNITED STATES of America,**
Appellee,

v.

**Paul Rodriquez CONTRERAS, Appellant.**

No. 24461.

United States Court of Appeals, Ninth Circuit.

Feb. 26, 1970.

Paul A. Bible (argued), of Bible, Mc-Donald, Carano & Wilson, Reno, Nev., for appellant.

Julien G. Sourwine (argued), Asst. U. S. Atty., Bart M. Schouweiler, U. S. Atty., Reno, Nev., for appellee.

Before ELY, KILKENNY, and TRASK, Circuit Judges.

PER CURIAM.

Contreras was charged with having committed, on an Indian reservation, the crime of forcible rape on an Indian female. 18 U.S.C. §§ 2031, 1152. Tried to a jury, he was found not guilty of the charged offense but guilty of the lesser included offense of assault with intent to commit rape.

■ Contreras' attorney here argues, ably and vigorously, that the evidence was insufficient to support conviction.

He emphasizes testimony that the accused was highly intoxicated at the time of the acts which led to the charge. That Contreras was drunk is not open to question, and a medical expert offered by the defense testified that in his opinion the appellant, because of his drunkenness, would have been physically incapable of committing rape at the time in question. The jury evidently accepted this testimony, acquitting Contreras of rape despite the victim's testimony that penetration had been accomplished.[1] This determination, however, is not inconsistent with the determination that an assault with intent to commit rape was committed.

■ Contreras met the victim in a bar. After drinking and dancing together throughout the evening, the two entered Contreras' automobile and, with the victim driving, began a trip toward the victim's home. That an assault thereafter occurred was very clearly established. The victim testified that Contreras tore away her clothing and that rape occurred. She sustained a fractured maxillary bone, a bruise on the lower lip, and a loosened tooth. When she escaped Contreras' automobile, she ran to the home of a reservation police officer. The officer and his wife testified that she arrived at the home naked, carrying a torn blouse and brassiere. Her examining physician discovered several small cutaneous abrasions between the vaginal and rectal openings. Viewing the evidence in the light most favorable to the prosecution, as we are required to do, we are convinced that the evidence, including reasonable inferences, was sufficient to support the challenged conviction. That Contreras' intoxication may have rendered him sexually impotent and incapable of rape does not negate the criminal intent found by the jury to have been entertained by Contreras at the time.

Affirmed.

---

1. The victim's unwholesome reputation doubtless affected her credibility. She was almost twenty-nine years of age, had borne two children out of wedlock, and had suffered venereal disease. Her own physician testified that she was known as a "very active hustler."